UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| D'AMICO DRY LIMITED, | § § | |
| Plaintiff, | § § | |
| v. | § § | C.A. No. 4:15-CV-0039 |
| | § | ADMIRALTY |
| PASHA FINANCE, INC. As owners of the M/T CAPT TALARA, | § § § | |
| Defendant. | § § | |

## DEFENDANT PASHA FINANCE, INC'S REPLY MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO VACATE MARITIME RULE B ATTACHMENT AND REQUEST FOR COUNTERSECURITY

## I. INTRODUCTION

Plaintiff d'Amico Dry Limited ("d'Amico") commenced an action in the Southern District of New York on September 11, 2009 with the filing of its original Verified Complaint seeking to recognize and enforce its English judgment against Defendant Primera Maritime (Hellas) Limited ("Primera"). The matter before this court is an extension of that enforcement action which turns on the question of whether d'Amico can properly collect on a judgment obtained in Great Britain, here in the United States under federal maritime jurisdiction. Primera maintains that the underlying claim is not a maritime claim and thus there is no federal maritime jurisdiction. Because d'Amico cannot meet its burden of proof that it has a maritime claim their wrongful attachment under Rule B must be vacated.

## II. STATEMENT OF FACTS

d'Amico filed suit in the Southern District of New York under the Court's admiralty jurisdiction to enforce an English court's judgment on a forward freight agreement ("FFA") between d'Amico and Primera. Primera moved to dismiss this action for lack of subject matter

jurisdiction. Primera's motion was dismissed without prejudice after the Court decided that an evidentiary hearing would be necessary to determine jurisdiction. On December, 23, 2010, after Primera's liquidation proceedings commenced, d'Amico amended its complaint to add over a dozen additional companies as named defendants and alleged alter-egos of Primera. These defendants joined in the motion to dismiss.

In 2011, Judge Koeltl of the Southern District of New York, upon evidentiary submissions by the parties, dismissed d'Amico's enforcement action for lack of subject matter jurisdiction and denied d'Amico's motion for reconsideration. The Court based its rulings on: 1) a finding that the English court in this case "was not sitting as an admiralty court when it rendered the English judgment," therefore, this Court does not have jurisdiction to enforce that judgment and; 2) upon d'Amico's motion for reconsideration, that an enforcement action requires an independent basis for admiralty jurisdiction separate from a federal court's admiralty jurisdiction over the underlying dispute. The Second Circuit disagreed with this Court's reasoning and reversed dismissal. *See d'Amico Dry Ltd. v. Primera Mar. (Hellas) Ltd.*, 756 F.3d 151, 158-162 (2d Cir. 2014).

The Second Circuit's mandate required the Southern District of New York to determine the ultimate question as to whether the underlying claim of breach of the FFA agreements should be deemed a maritime claim, the Second Circuit held that this determination must be made under U.S. law. *See id.* at 162. Primera has since filed its motion to dismiss and, thus, the issue of whether Plaintiff has a "maritime" claim is in dispute.

# III. ARGUMENT

1. Plaintiff's cannot meet their burden of proof
   that they have a maritime claim under Rule B.

Plaintiffs bear the burden of demonstrating that subject matter jurisdiction exists. *MLC Fishing, Inc. v. Velez*, 667 F.3d 140, 141 (2d Cir. 2011). On a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), the plaintiff bears the burden of proving subject matter jurisdiction by a preponderance of the evidence. *See Aurecchione v. Schoolman Transp. Sys., Inc.*, 426 F.3d 635, 638 (2d Cir. 2005). In resolving a motion to dismiss for lack of subject matter jurisdiction, the Court may refer to evidence outside the pleadings. *See Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000).

Rules B and E of the Supplemental Admiralty Rules authorize a court to issue an order of maritime attachment if the plaintiff satisfies the rules' filing and service requirements and can show that (1) plaintiff has a valid *prima facie* admiralty claim against the defendant; (2) the defendant cannot be found within the district; (3) the defendant's property can be found within the district; and (4) there is no statutory or maritime bar to the attachment. *SLS Shipbuilding Co., Ltd V. Ionin Mgmt., S.A.*, 2011 WL 2652365 (S.D.Tex. Jul. 5, 2011), *see also Aqua Stoli Shipping Ltd v. Gardner Smith Ply Ltd*, 460 F. 3d 434, 445 (2d Cir. 2006). A motion to vacate a Rule B attachment is decided "based upon whether a *prima facie* claim is shown and the technical requirements for attachment have been met." *Indagro S.A. vs. Bauche S.A*, 652 F. Supp. 2d 482, 485 (S.D.N.Y. 2009), citing *Chiquita Int'l Ltd. v. MV Bosse*, 518 F. Supp 2d 589, 597 (S.D.N.Y. 2007), citing *Aqua Stoli*, 460 F. 3d at 445. Rather than proving allegations by a preponderance of the evidence, "the attaching party must present sufficient evidence to show probable cause for the attachment." *Diesel Specialists* v. *MV Mohawk Transp., LLe.*, 2009 WL 1036085, * I (E.D.La. April 17, 2009) (Engelhardt, J.); see also *Naftomar Shipping and Trading*

3

*Co. v. KMA Intern., S.A.*, 2011 WL 888951, *3 (S.D.Tex. March 3, 2011) (Rainey, J.)("plaintiff bears the burden to establish probable cause for the arrest")( quoting *A. Coker & Co., LTD. v. Nat'l Shipping Agency Corp., et ai.*, 1999 WL 311941, *1 (E.D.La. May 17, 1999) (internal citations omitted).

Here, Plaintiff's cannot meet their burden of proof that they have a prima facie maritime claim. Further, Plaintiffs are using this court as a means of circumventing the motion and issue already before Judge Koeltl, which should not be permitted.

2. Plaintiffs misinterpret the 5th Circuit's holding in Heimdar.

The Fifth Circuit wrote:

> Accordingly, we hold that a defendant cannot be found within the district for purposes of Rule B if it is not present in the district at the time the complaint is filed. A defendant is present in the district if 1) the defendant can be found within the district in terms of jurisdiction, and 2) the defendant can be found within the district for service of process. *LaBanca v. Ostermunchner,* 664 F.2d 65, 67 (5th Cir.1981).
>
> In this case, the record reflects that Ravennate ***could not be found within the Southern District of Texas for service of process at the time Heidmar filed its complaint***. Heidmar filed its complaint on March 7, 1997 at approximately 3:45 p.m. CST. ***There is no evidence that Ravennate appointed an agent for service of process in the Southern District of Texas any earlier than approximately 4:00 p.m. CST that day.*** We conclude therefore that Ravennate could not be found within the districtfor purposes of Rule B and that the district court erred in reaching a contrary conclusion.

*Heidmar, Inc. v. Anomina Ravennate di Armamento Sp.A*, 132 F.3d 264, 268, 1998 U.S. App. LEXIS 592, 11-12, 1998 AMC 982 (5th Cir. Tex. 1998) (emphasis). The critical fact the Fifth Circuit used to determine whether a party can be found was whether it had an agent for service of process. Pasha did, and thus, under the Heidmar ruling can be found. Heidmar is in harmony with the numerous other admiralty courts across the nation that have ruled that being "found" is

4

registering to do business and appointing an agent for service of process as noted in Pasha's opening brief.

3. Security for wrongful attachment.

The Fifth Circuit has stated:

> The concept of countersecurity is found in the first promulgation of rules in American admiralty courts, and it has continued to date with little substantive change. With the merger of law and admiralty in 1966, admiralty's classic and ancient phraseology of libels and cross-libels was replaced with the more mundane terminology of claims and counterclaims, but Rule E(7) retained the essence of Admiralty Rule 50. *See* Advisory Committee's Note, Proposed Supplemental Rules for Certain Admiralty and Maritime Claims, *reprinted in* 39 F.R.D. 146, 160 (1966).
>
> The rule is straightforward. When the defendant posts security to guarantee payment of an adverse judgment -- typically the posting of a bond to secure release of a vessel -- the complainant may be required to furnish security for the satisfaction of a counterclaim. Although the language of the rule is automatic it is not absolute, for the original seizing complainant may be excused by the court "for cause shown." Absent this relief by the court, the intent of the rule is manifest; it is "to place the parties on an equality as regards security." *Washington-Southern Navigation Co. v. Baltimore & Philadelphia Steamboat Co.*, 263 U.S. 629, 638-39, 44 S. Ct. 220, 223-24, 68 L. Ed. 480 (1924).

*Titan Navigation, Inc. v. Timsco, Inc.*, 808 F.2d 400, 402-403, 1987 U.S. App. LEXIS 1401, 5-6, 1987 AMC 1396 (5th Cir. Tex. 1987).

The Titan Court summarized its holding, stating:

> In summary, we conclude that the exercise of the trial court's discretion to order countersecurity is to be guided by the essential and equitable purposes of the rule. In doing so, the court must weigh the importance of the security interest giving rise to the initial seizure, and the burden of posting countersecurity, against the potential injustice of requiring the defendant-counterclaimant to post security without affording reciprocal protection.

*Titan Navigation, Inc. v. Timsco, Inc.*, 808 F.2d 400, 404, 1987 U.S. App. LEXIS 1401, 9, 1987 AMC 1396 (5th Cir. Tex. 1987)

Here, equity dictates that Plaintiff's post countersecurity equal to the security posted by Pasha.

## CONCLUSION

For the foregoing reasons, and those stated in Pasha's opening brief, Pasha respectfully requests that this Honorable Court vacate the attachment of Pasha's vessel and dismiss Plaintiff's Verified Complaint with prejudice. Pasha, in turn, seeks all other equitable relief, including countersecurity for the damages from Plaintiff for its wrongful attachment of the vessel and refusal to promptly release the attachment when advised of the facts which abrogate the use of Rule B.

Respectfully submitted,

**BLANK ROME LLP**

*William R. Bennett / by permission*
Douglas J. Shoemaker
State Bar No. 00888406
Federal Bar No. 16854
Jeremy A. Herschaft
State Bar No. 24091970
Federal Bar No. 2450990
700 Louisiana, Suite 4000
Houston, Texas 77002
Telephone: (713) 228-6601
Facsimile: (713) 228-6605
Email: dshoemaker@blankrome.com
Email: Jherschaft@blankrome.com
Attorney-in-charge for Defendant,
Pasha Finance, Inc. as Owners of the
M/T CAPE TALARA

**OF COUNSEL:**
William R. Bennett
(ADMITTED PRO HAC VICE)
BLANK ROME LLP
The Chrysler Building
405 Lexington Avenue
New York, New York 10174-0208
(212) 885-5000
(212) 885-5001 fax

**CERTIFICATE OF SERVICE**

    I certify that a true and correct copy of the foregoing instrument was served pursuant to Federal Rule of Civil Procedure 5 on all counsel of record via the ECF system, facsimile and/or U.S. Mail, on this 15th day of January, 2015.

                                                                     _____
                                                                       Douglas Shoemaker